IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| K.A., a minor, by and through her natural parents ANGELICA CALDERON and ERNEST "ISAIAH" ALLEN, <br><br> Plaintiffs, <br><br> v. <br><br> HEXCEL CORPORATION, a Delaware Corporation doing business in the State of Utah; and JOHN DOES 1-10, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:20-cv-88 <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

On March 26, 2021, Magistrate Judge Romero permitted Mr. Allen's counsel to withdraw and ordered Mr. Allen to either have substitute counsel file a notice of appearance or inform the court of his intention to proceed pro se within 21 days. *See* Dkt. No. 29. After Mr. Allen failed to comply, Judge Romero issued an order on October 28, 2021, requiring Mr. Allen to show cause for his failure to comply with a court order no later than November 17th or face a possible recommendation that his claims be dismissed. *See* Dkt. No. 48. Mr. Allen ignored this order as well. On February 7, 2022, Judge Romero issued yet another show cause order, requiring Mr. Allen to state his intent to proceed as a party in this matter and his position regarding Ms. Calderon's motion to be appointed Guardian ad Litem for K.A. *See* Dkt. No. 53 at 2. Judge Romero warned that failure to respond by February 18, 2022 would result in dismissal of Mr. Allen as a Plaintiff. *Id*. After receiving no response, Judge Romero entered a Report and Recommendation on February 28, 2022, recommending that Mr. Allen be dismissed without prejudice as a party to this action. *See* Dkt. No. 56 at 2.

The court agrees with Judge Romero's recommendation that Mr. Allen should be terminated as a party to this action and adopts the Report and Recommendation with one modification. Specifically, the court concludes that dismissal with prejudice is appropriate here.

Before dismissing with prejudice, the court must consider "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (cleaned up). The court concludes that each factor weighs in favor of dismissal with prejudice here.

First, the degree of prejudice to the defendant is appreciable. Hexcel represents that it has reached a settlement in this case with Ms. Calderon, but that the settlement is contingent on the resolution of Mr. Allen's claims. Thus, Mr. Allen's failure to prosecute his claims has unnecessarily delayed the resolution of this case. Second, Mr. Allen has interfered with the judicial process by repeatedly failing to comply with any of Judge Romero's orders since March 2021. *See Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993). Third, Mr. Allen is solely culpable for the prejudice and interference with the judicial process here—he requested that his prior counsel withdraw, *see* Dkt. No. 28 at 2; he has failed either to obtain new counsel or to notify the court of his intention to proceed pro se; he has repeatedly disregarded Judge Romero's orders; and, despite multiple warnings and opportunities, he has failed to communicate with the court or provide any explanation for his actions. Fourth, Judge Romero twice warned Mr. Allen that he would face dismissal if he did not comply with the court's orders. Finally, the court concludes that no lesser sanction would be effective here. Given that Mr. Allen has repeatedly ignored Judge Romero's orders and warnings, the court has no reason to believe that any order

2

short of termination with prejudice would alter Mr. Allen's behavior or cure the prejudice and interference with the judicial process that he has caused.

The court accordingly ADOPTS Dkt. No. 56, Report and Recommendation, in part and MODIFIES it in part. Mr. Allen shall be dismissed and terminated as a party to this action. Dismissal and termination is with prejudice.

IT IS SO ORDERED.

DATED this 18th day of April, 2022.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge